**UNITED STATES, Appellee,**

v.

**Private E2 Broderick O. EVANS, 435–57–1219, United States Army, Appellant.**

**ACMR 9102593.**

U.S. Army Court of Military Review.

25 May 1993.

---

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

1. The processing and trial of this case do not represent a model to be followed.

## OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a general court-martial consisting of officer and enlisted members. The appellant entered pleas of guilty to a three-day absence without leave and not guilty of two larcenies. The plea of guilty was accepted by the military judge as provident, and the court members found the appellant guilty of the two larcenies, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982) [hereinafter UCMJ]. The court-martial sentenced the appellant to a dishonorable discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to Private E1.

At a post-trial Article 39(a), UCMJ, session held two months after the trial,[1] the military judge reconsidered appellant's prior motion for a finding of not guilty. He granted the motion as to one larceny specification and substituted a lesser value in the second larceny specification. The military judge also recommended appropriate courses of action for the convening authority to take on the sentence. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to Private E1.

### I.

#### Issues

On appeal, the appellant asserts three errors. First, he argues that the evidence is insufficient as a matter of fact and law to sustain a conviction of the remaining larceny specification, which he maintains is predicated on inadmissible evidence. Second, he submits that the staff judge advocate erred in his post-trial recommendation, by failing to advise the convening authority of the military judge's recommendations on appellant's sentence.[2] Lastly, he maintains

2. Our action in appellant's case is dispositive of this issue, and those raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

that his court-martial lacked jurisdiction because the military judge was designated in violation of the Appointments Clause of the Constitution.

We hold that the evidence is legally insufficient to support the finding of guilty of larceny. We will set aside and dismiss the charge of larceny and reassess the sentence.

## II.

### Facts

Specialist Aguilar, the victim of the larceny, testified at trial that the appellant came into his room and asked to borrow $20.00. He gave the appellant the money from his wallet, which also contained his automatic teller machine (ATM) card and personal identification number (PIN). Thereafter, Specialist Aguilar fell asleep, while appellant remained in the room watching television. When Specialist Aguilar awoke the next day, his room's door was unlocked and the appellant was gone. Sometime later, Specialist Aguilar wrote a check for $16.00 which was not honored by his bank due to insufficient funds. He then determined his ATM card was missing. Over defense objection, the victim testified that he was advised by the bank that, beginning on 3 July 1991, eight ATM withdrawals were made from his bank account totaling $870.00. Later, Specialist Aguilar testified that he had previously identified the appellant in a photograph as the individual withdrawing money from an ATM on 3 July 1991.

At trial, the government introduced a stipulation of the expected testimony of Mrs. Manino, a bank official who worked in the ATM fraud department. In the stipulation, she stated that the photograph of appellant was of an individual making an ATM withdrawal on 3 July 1991. She explained that ATM transfers are recorded on video. When a PIN is entered, the transaction number is printed on the photograph of the person using the machine. Because of a malfunction, there is no number print-ed on appellant's photograph. On 3 July 1991, a $200.00 withdrawal from Specialist Aguilar's account was made at the ATM. The stipulation states that the appellant also maintained an account at the same bank.

Trial defense counsel did not object to any part of the stipulation at the time it was offered into evidence. The defense counsel presented no evidence and moved for a finding of not guilty, asserting insufficient evidence. The defense argued that the government failed to prove its case because the victims were not competent to testify as to their bank records.[3] Specifically, the defense asserted that the testimony of the victims was hearsay, as they were not competent to testify how the banks operated and they were restating what they had been told by the bank. The defense, however, did not object to the contents of the stipulation of expected testimony. The military judge denied the motion, and appellant was subsequently found guilty of the two larcenies by the court members.

When the military judge reversed his earlier ruling at the post-trial 39(a) session, he held the victim's testimony as to how the bank worked inadmissible hearsay. Based on the remaining evidence, the military judge found the appellant guilty of one of the larcenies, but for a lesser amount ($200.00) than originally charged ($897.00).

## III.

### Legal Sufficiency For the Finding of Guilty to Larceny

The appellant now contends that the evidence is insufficient as a matter of fact and law to sustain a conviction to the remaining larceny specification, because the stipulation of expected testimony from the bank employee contains inadmissible hearsay. We agree that the evidence is insufficient as a matter of law to sustain the conviction

---

**3.** Another larceny victim testified as to information the bank related to him regarding a larceny from his account. As a result of the military judge's reconsideration of his earlier ruling, he entered a finding of not guilty of the specification involving that larceny.

for larceny, but for somewhat different reasons.

■ Evidence of record is legally sufficient if a reasonable factfinder, viewing the evidence in the light most favorable to the government, can reasonably find all essential elements of the offense beyond a reasonable doubt. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The test for factual sufficiency is whether, after weighing all the evidence and considering the lack of opportunity to both observe and hear the witnesses, the appellate court is convinced of appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325. The evidence in appellant's case fails to satisfy both tests.

Larceny under Article 121, UCMJ, consists of four elements: That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner; that the property belonged to a certain person; that the property was of a certain value; and that the taking, obtaining, or withholding by the accused was with the intent permanently to deprive or defraud another of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner. Manual for Courts–Martial, United States, 1984, Part IV, para. 46b(1).

■ In the instant case, we are not convinced beyond a reasonable doubt that the government proved that the appellant took, obtained, or withheld Specialist Aguilar's ATM card or that he used it on 3 July 1991 to withdraw money from appellant's account. While we agree that the government presented evidence which the factfinder could infer that the appellant had an opportunity to take the victim's ATM card, there is no evidence to conclude an actual taking. The stipulation of Mrs. Manino and the photograph of an individual, later identified as the appellant, making a bank transaction only establish that (1) the appellant, who also has an account at the bank, was at the bank that date and (2) an unknown person withdrew $200.00 from Specialist Aguilar's account. What is lacking is evidence linking the two events. The evidence does not establish that the appellant was the individual who wrongfully withdrew money from the victim's account. Under the facts of this case, we find that the government failed to establish a wrongful taking by the appellant. The evidence is legally insufficient. *See Jackson v. Virginia*. Accordingly, we will set aside the finding of guilty of the larceny and dismiss the Additional Charge and its Specification.

### III.

#### Court–Martial Jurisdiction

Lastly, the appellant asserts that his court-martial lacked jurisdiction because the military judge was not designated in accordance with the Appointments Clause of the U.S. Constitution. We disagree. *See United States v. Weiss*, 36 M.J. 224 (C.M.A.1992).

The finding of guilty of the Additional Charge and its Specification is set aside and the Charge is dismissed. The remaining finding of guilty is affirmed.

Reassessing the sentence on the basis of the error noted, the entire record, *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for one month of confinement and forfeiture of $500.00 pay per month for one month.

Senior Judge De GIULIO and Judge BAKER concur.